UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS SPRUNGER, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00111-JMS-MJD |
| BRIAN K. SMITH, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Douglas Sprunger for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 16-02-0263. For the reasons explained in this Entry, Mr. Sprunger's habeas petition must be **denied**.

**A.　Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On February 6, 2016, Officer Thompson wrote a Conduct Report charging Mr. Sprunger with possession of a cellular device in violation of Code A-121. The Conduct Report states:

> On 02-06-16 at approximately 1015 in the C-side latrine of 18 south I, officer Thompson, was conducting a search of offender Douglas Sprunger #161040. During the search offender Sprunger #161040 reached into the waistline of his shorts and retrieved a black touch screen ZTE cellphone. I then ordered Sprunger to give me the cellphone and he complied with the order given. I identified the offender by his State-issued identification card and advised him of the conduct report.

Filing No. 8-1 at 1.

Mr. Sprunger was notified of the charge on February 12, 2016, when he received the Screening Report. He plead not guilty to the charge. Mr. Sprunger requested fellow inmate Travis Scherber as a witness, but did not request any physical evidence. Mr. Scherber provided a witness statement, which stated, "I told them that the phone [and] shorts were mine. He grabbed the wrong shorts." Filing No. 8-7 at 1.

A hearing was held on February 15, 2016. Mr. Sprunger stated the following at the hearing: "Not my phone. I was in the shower when I got out I put some shorts on that weren't mine. I use[d] the restroom. [Three] officers came in . . . on me. Apparently there was a phone that I didn't know about." Filing No. 8-9 at 1. Based on Mr. Sprunger's statement, the staff reports, witness statements, and a picture of the phone, the hearing officer found Mr. Sprunger guilty. The sanctions imposed included a one-hundred-twenty day earned-credit-time deprivation and the imposition of suspended sanctions from another disciplinary action.

Mr. Sprunger appealed to Facility Head and then to the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Sprunger raises four claims in his habeas petition. The respondent contends that all of the claims lack merit. The Court will address each claim in turn.

### 1. Impartial Decisionmaker

Mr. Sprunger's first claim is that it was a "procedural error" for the screening officer to be called into the room by the hearing officer during deliberations, as this violates IDOC policy and creates the appearance of impropriety.

Mr. Sprunger appears to base his claim on a violation of IDOC policy, but a violation of IDOC policy is not a basis for habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable in a habeas proceeding. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Sprunger is not entitled to relief on this basis.

Mr. Sprunger's claim could, however, be construed as a due process claim based on the denial of an impartial decisionmaker. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

As correctly pointed out by the respondent, the screening officer in this case did not act as the hearing officer. The hearing officer apparently called the screening officer in during deliberations to ensure that Mr. Sprunger was given the required twenty-four hour notice prior to the hearing, given that the report of the disciplinary hearing states, "Time omitted from Screening Report. Offender was screened on 2-12-16. Was given more than 24 h[our] notice." Filing No. 8-9 at 1. In short, there is no evidence in the record that the screening officer participated in deliberations regarding Mr. Sprunger's guilt.

But even if the screening officer in some sense acted as a joint hearing officer by taking part in deliberations, the record does not reflect that the screening officer was impermissibly biased such that Mr. Sprunger's due process rights were violated. "[T]he requirement of impartiality

mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved." *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983). Merely signing the screening report—which entails advising an inmate regarding the charge against him, notifying him of his rights, and asking whether he requests evidence, witnesses, and a lay advocate—does not constitute "direct[] or substantial[] involve[ment] in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie*, 342 F.3d at 667; *see Merritt*, 721 F.2d at 601. At most, Mr. Sprunger asserts that the screening officer had "prior knowledge" of the internal affairs investigation. But knowledge of an investigation is not substantial involvement in the event or investigation itself. This knowledge and the involvement as screening officer instead constitutes "tangential involvement," which does not cause the hearing officer to be impermissibly biased. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (citation and quotation marks omitted).

For these reasons, the presence of the screening officer during the hearing officer's deliberations did not violate Mr. Sprunger's due process rights, and he is not entitled to relief on this basis.

  2.   *Sufficiency of the Evidence*

Mr. Sprunger's second claim is that the hearing officer failed to consider evidence that demonstrated his innocence. Specifically, Mr. Sprunger states that the hearing officer failed to consider the witness statement by inmate Mr. Scherber, who stated that the phone was his.[1] The

---

[1] For the first time in his reply brief, Mr. Sprunger argues that the hearing officer was also unable to consider the fact that the shorts Mr. Sprunger was wearing had Mr. Scherber's DOC number written in them because Sgt. Tomaw crossed out his request for the shorts as evidence, informing him that he could not use them. Filing No. 9 at 2-3. This denial of evidence claim, however, was not raised in Mr. Sprunger's administrative appeals. *See* Filing No. 8-10 at 1-3; Filing No. 8-11

evidence shows that the hearing officer consider this evidence. *See* Filing No. 8-9 at 1. Thus, Mr. Sprunger's claim is most appropriately considered one challenging the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There was sufficient evidence to find Mr. Sprunger guilty of possessing a cellular phone. The Conduct Report makes clear that a cellular phone was found on Mr. Sprunger when he was searched, and Mr. Sprunger does not dispute that the cellular phone was found on him. Instead, he argues that the phone was not his and that it was in his possession only because he accidentally put on the wrong shorts when exiting the shower. The hearing officer, says Mr. Sprunger, should have believed this testimony and that of Mr. Scherber, who testified that the phone was his, nor Mr. Sprunger's. But when deciding whether there is sufficient evidence, the Court cannot make an "independent assessment of the credibility of witnesses[] or weigh[] . . . the evidence"; it instead must simply ask "whether there is any evidence in the record that could support the conclusion

---

at 1-3. Because it was not exhausted, and the time to do so has passed, the claim is procedurally defaulted and thus not a basis for habeas relief. *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

reached by the disciplinary board." *Hill*, 472 U.S. at 455-46. Thus this Court is unable to assess whether the hearing officer should have weighed the evidence differently. It can only conclude, based on the undisputed evidence that Mr. Sprunger was in possession of a cellular phone, that there is some evidence in the record supporting the hearing officer's decision.

Similarly, the Court cannot consider the fact that, according to Mr. Sprunger, another inmate was also charged with possessing this cellular phone. Again, the Court can only examine whether there is any evidence in the record that Mr. Sprunger did, and it is clear that such evidence is present.

Accordingly, Mr. Sprunger is not entitled to relief on this claim.

### 3. *Double Jeopardy*

Mr. Sprunger's third claim is that his Double Jeopardy rights were violated because his possession of the cellular phone led to the instant disciplinary proceedings as well as state criminal charges. The respondent contends that this claim is procedurally defaulted because it was not raised in Mr. Sprunger's administrative appeals. Because this claim clearly lacks merit, the Court will not consider whether the claim is procedurally defaulted.

"The Double Jeopardy Clause prohibits a second prosecution for the same offense following an acquittal and the imposition of multiple punishments for the same crime." *United States v. Taylor*, 777 F.3d 434, 439 (7th Cir. 2015). But the Seventh Circuit has held that "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 Fed. Appx. 855, 858 (7th Cir. 2004); *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) ("Prison discipline, however, does not constitute 'punishment' or 'prosecution' for double jeopardy purposes." (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994))); *see also Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Even if they did, Mr. Sprunger could

not show that he received "multiple punishment[s] for the same crime," *Taylor*, 777 F.3d at 439, because he acknowledges that the state criminal charges were dismissed, *see* Filing No. 1-1; Filing No. 9 at 4. For each of these reasons, Mr. Sprunger's Double Jeopardy claim has no merit.

### 4. *Errors in Administrative Appeals Process*

Mr. Sprunger's final claim is that that administrative appeals decisions failed to recognize the alleged procedural error discussed in claim one above, and this violated Mr. Sprunger's due process rights. However, there is no due process right to an administrative appeal, and thus any irregularities, misconduct, or errors during the administrative appeal process cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Accordingly, any alleged errors or misconduct during the administrative appeals process do not entitled Mr. Sprunger to habeas relief.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sprunger to the relief he seeks. Accordingly, Mr. Sprunger's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/9/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DOUGLAS SPRUNGER
161040
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov